IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:19-CR-230-7 |
| ) | |
| HOWARD FREEMAN EARL, JR., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

LORETTA C. BIGGS, District Judge.

Before the Court is Defendant's "Motion for Modification of Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2)" and memorandum in support. (ECF Nos. 279, 280.) The Government filed a response opposing the motion. (ECF No. 284.) The Court, having considered the arguments of the parties as set forth below, finds that Defendant's motion, (ECF No. 279), will be denied.

Defendant asks for relief "pursuant to 18 U.S.C. § 3582(c)(2) and § 1B1.10(d) of the Sentencing Guidelines to reduce his sentence based upon Amendment 821 Part A, which became effective for retroactive application on November 1, 2023, concerning 'status point'." (ECF No. 279 at 1.) He argues that with the revision to § 4A1.1 under Amendment 821, he would receive zero status points instead of two, and his criminal history score would drop to 5 points. (*Id.* at 2.) He asserts this change would re-classify him as a criminal history

Category III, not Category IV as relied upon at the time of his sentencing. (*Id.*) He says that with this revision his sentencing guideline range would be 168 to 210 months, and if he receives a 40 percent decrease for substantial assistance as he did at the time of sentencing, his sentence should be reduced to 173 months' imprisonment. (*Id.* at 3-4.) Defendant is currently sentenced to 184 months' imprisonment.[1] (ECF No. 250 at 2.)

Defendant previously filed a motion he entitled "Motion to Reduce Criminal History Status Points Under Title 18 USC 3582(C)(2) and USSG 1B1.10." (ECF No. 269.) In that motion, he asserted the same basis for relief as he presents in his current motion. He requested an adjustment of his criminal history points under Amendment 821 Part A and argued a revised calculation would reduce his criminal history from a Category IV down to a Category III. (*Id.* at 1.) The Court denied the earlier motion. (ECF No. 273 at 1.)

The Government characterizes Defendant's present motion as a motion for reconsideration of the Court's prior order denying Defendant's motion for relief under 18 U.S.C. § 3582(c)(2), (ECF No. 284), and argues such a motion is precluded by *United States v. Goodwyn*, 596 F.3d 233 (4th Cir. 2010). The Government alternatively argues that even if treated as a successive motion the matter is similarly prohibited. (*Id.* at 5.)

Defendant's "Motion for Modification of Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2)" (ECF No. 279), was filed without any reference to his previous motion or the Court's order ruling on it, and filed nearly ten months after that order was filed. It

---

[1] Defendant was sentenced to 112 months on Counts 6s, 8s, 10s, 12s, to run concurrently with each other, and 72 months on Count 7s, to run consecutively to the other sentences, for a total sentence of 184 months' imprisonment. (ECF No. 250 at 2.)

does not appear to be a motion for reconsideration, but a successive motion under 18 U.S.C. § 3582(c)(2). However, under either characterization Defendant's motion fails. In *Goodwyn*, the Fourth Circuit ruled that a defendant could not bring a motion for reconsideration of his motion filed under 18 U.S.C. § 3582. 596 F.3d at 236. The Fourth Circuit stated:

> When the Sentencing Commission reduces the Guidelines range applicable to a prisoner's sentence, the prisoner has an opportunity pursuant to § 3582(c)(2) to persuade the district court to modify the sentence his sentence. If the result does not satisfy him, he may timely appeal it. But he may not, almost eight months later, ask the district court to reconsider its decision.

*Id.* In *United States v. May*, 855 F.3d 271 (4th Cir. 2017), the Fourth Circuit noted the same rationale applies to successive motions stating that "the rule is the same for both purely successive § 3582(c)(2) motions and § 3582(c)(2)-based motions for reconsideration: A defendant cannot obtain relief on the basis of such motions, but this prohibition is non-jurisdictional thus subject to waiver." *Id.* at 275.

In the instant case, the Government has objected to the Defendant's motion whether characterized as a motion for reconsideration or a successive motion. (*See* ECF No. 284 at 4-5.) Consequently, Defendant is prohibited from obtaining relief on his current motion which asserts arguments pursuant to § 3582(c)(2) that were previously considered by the Court. Moreover, Defendant's motion would also fail on the merits. Defendant asserts the same basis for relief which the Court previously found did not warrant a modification of his sentence. After considering his present filings, the Court does not find a reason to depart from its earlier determination.

For the reasons stated above, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that Defendant's "Motion for Modification of Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2)," (ECF No. 279), is **DENIED**.

This, the 10th day of April 2025.

/s/ Loretta C. Biggs
Senior United States District Judge